Concepción Polo Taforó, Plaintiff and Appellee, v. Avito Chapero and Lorenzo Esteves, Defendants and Appellants.

No. 7817. Argued May 3, 1939.—Decided May 9, 1939.

*Antonio L. López* for appellants. *Concepción Polo Taforó* in her own right.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

By deed of July 21, 1937, the plaintiff, who owned a farm of 72 *cuerdas,* segregated from that a plot of "thirty tillable *cuerdas,* more or less" and leased it to the defendant Avito Chapero, for a term of two years and the rent was fixed at $1.50 a month per *cuerda,* payable every three months in advance, that is, $135 every three months.

The parties agreed, among other stipulations, to the following:

*"Seventh.*—If upon the measurement of said lot it results that the lessee is in possession of more than thirty tillable *cuerdas,* he shall have to pay for the excess in *cuerdas* at the rate of one dollar and fifty cents; and likewise should he be in less land he shall deduct from the following rents the amount of *cuerdas* wanting; antedating the effects of the aforesaid measurement to the first day of August, Nineteen Hundred and Thirty Seven."

By her first cause of action the plaintiff pleads actual possession within the year next preceding the filing of the complaint, of a plot of six *cuerdas,* which forms part of the farm of 72 *cuerdas* which she owned, and which borders with the

lands given in lease to the defendant Chapero, and that she has been cut off from said possession by the defendant Chapero, by his steward, the other defendant Esteves, and the employees of both; that the defendants have taken possession of said plot against the will of the plaintiff and have fenced, tilled and sowed it as though it was a part of the lands given in lease, notwithstanding the fact that said plot of six *cuerdas,* as well as all the lands lying within 100 meters from the plaintiff's house were excluded from the lease; and that the defendants have forbidden the plaintiff and her employees to enter said plot.

By her second cause of action she pleads to have been and to be in possession of a plot of 35.02 *cuerdas,* which is also part of the farm of 72 *cuerdas,* and bordering the 30 *cuerdas* leased to the defendants; that since August, 1937, the defendants have frequently trespassed into said plot of 35.02 *cuerdas* and therein performed acts disturbing to the plaintiff's possession, to wit, having built a fence which obstructs her way to the river, which is the natural and logical watering-place for the plaintiff's cattle, and which she has used since it can be remembered; having entered the plaintiff's farm to carry the crops of the plot leased to the defendants, and having insulted the plaintiff and assaulted her with their hands and with stones, etc.

The plaintiff begs to be reinstated in the possession of the plot of six *cuerdas;* that the defendants be enjoined from disturbing her possession of the other plot, under penalty of contempt of court; and that the defendants be sentenced to pay the costs.

In their answer the defendants denied the facts alleged by complaint and as a special defense said that the defendant Chapero was in possession of the six *cuerdas* plot as lessee; that said plot is part of the 30 *cuerdas,* segregated from the farm of 72 *cuerdas* leased to said defendant by the plaintiff, and that the defendants have no call to answer the pleas contained in sections marked "*d*" to "*m*" of the com-

684

plaint, which refer to the disturbance of the plaintiff's possession and the assault she claims have been committed.

In this appeal the defendant-appellants asked that the judgment rendered by the District Court of Humacao, in favor of the plaintiff, be reversed, and assign as errors to the lower court: (1) having found that the facts pleaded in the complaint are sufficient to establish a cause of action; (2) having decided that the plaintiff proved satisfactorily the facts of the complaint; and (3) having sentenced "the defendant" without determining which one, to pay costs and fees.

▮ The first assignment of error is obviously frivolous and as such should be dismissed. The complaint, in each of its two causes of action, strictly follows the regulations of Sections 690–697 of the Code of Civil Procedure. The court *a quo* did not err in upholding the adequacy of the pleas thereof.

▮ The second assignment, which refers to the sufficiency of the plaintiff's case, compels us to make a brief résumé of the evidence.

The plaintiff stated that she is the owner of a farm of 72 *cuerdas* divided into four plots of 6, 10.98, 20 and 35.02 *cuerdas,* respectively; that the defendant Chapero has the tenure since August, 1937, of the plots of 10.98 and 20 *cuerdas,* by virtue of lease granted by the plaintiff; that at the time of taking tenancy of the two leased plots Chapero also took possession of the six *cuerdas* plot without the consent and against the will of the plaintiff, forbidding her and her workmen the way across said plot; that before the lease was executed she said to the lessee "that I would not lease him those six *cuerdas,* that they were too near my house, and I did not want to lease them, but the lower part that was separate from my things"; that the fence which the defendant has put around the six *cuerdas* reaches a spot about six meters from the plaintiff's house; and finished her statement de-

scribing the offensive words applied to her and the assaults committed upon her by the defendant Chapero.

The plaintiff's testimony was corroborated by the statements of the witnesses Hernán Polo, Eladio Noble and Domingo G. Llamas. The latter, a police officer, stated that the plaintiff had been several times to the Police Station to complain of Chapero's and his employees' conduct; that he went to investigate when she complained that the defendants had thrown stones at her house and saw the scratches made by the rocks on the walls, some broken panes of glass and a broken lamp, and rocks lying around the floor inside the house.

The defendant Chapero offered in evidence his own testimony. He denied the plaintiff's statement as well as those of her witnesses, and claimed that he was in possession by reason of a lease.

The lower court made a personal inspection of the different plots which constitute the plaintiff's farm and arrived at the conclusion that the six *cuerdas* plot in issue is separate and distinct from the plots leased to the defendant.

The conflicts that arise from the evidence were solved in favor of the plaintiff. And as the evidence offered by her was enough to sustain the appealed judgment, and it has not been charged that the lower court acted with passion, prejudice or bias, or committed manifest error in the appraisal of the evidence, it is our duty to respect and uphold said judgment.

■ The third assignment lacks importance. The evidence brought shows that the defendant Lorenzo Esteves was a mere employee acting under orders of this co-defendant Chapero. It was Avito Chapero who was enjoined by the lower court from the further performance of acts of possession upon the six *cuerdas* plot and from trespassing in any form into the 35 *cuerdas* plot. And it is also he who the lower court should have sentenced to pay costs and fees, and did.

The appealed judgment must be affirmed.